FILED
DEC 2 0 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY           DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD VIJAYAN DEVASAHAYAM, an individual domiciled in New Jersey; CHRISTOPHER RAVINDRAN DEVASAHAYAM, an individual domiciled in the Country of Canada; SLAMSTAR OPERATING, LLC, a limited liability company organized under the laws of the State of New Jersey; DEVA CREW ONE SERVICES, INC., a corporation organized under the laws of the Country of Canada; KAI-FAN YANG, an individual domiciled in California; RISHI PATEL, an individual domiciled in California; RAYMOND WANG, an individual domiciled in California; KAMLESH GANDHI, an individual domiciled in Georgia,<br><br>         Plaintiffs,<br><br>v.<br><br>DMB CAPITAL GROUP, an entity of unknown form and domicile; JM CARBON FIBER, an entity of unknown form and domicile; MR. MEDIA, INC., a business incorporated in the State of | Case No.: 3:17-cv-02095-BEN-WVG<br><br>**ORDER:**<br><br>**(1) DENYING TEMPORARY RESTRAINING ORDER**<br><br>**(2) DENYING REQUEST FOR NOTICE OF LIS PENDENS**<br><br>(Doc. Nos. 3, 4.) |

California; NL TECHNOLOGY, LLC., a limited liability company in the State of California; JONNY NGO, an individual domiciled in the State of California; NONATO MICHAEL BACA, an individual domiciled in the State of California; and DOES 1 through 500, inclusive,

                    Defendants.

Without notice to the defendants, plaintiffs move for a temporary restraining order ("TRO"), a writ of attachment, and an order approving a notice of lis pendens. The *ex parte* motion is denied. When the Rule 65(b) requirements for issuance of a TRO without notice have not been met, the motion may be converted to a Rule 65(a) motion for a preliminary injunction, and set for hearing *after* the opposing parties have been given notice. Accordingly, the motion is hereby converted to a motion for preliminary injunction. A hearing may be scheduled after plaintiffs effect service on the defendants. The hearing currently set for December 18, 2017 is vacated.

### Background[1]

On October 12, 2017, a Complaint was filed alleging that defendants have engaged in an investment scheme to defraud the plaintiffs out of $2,500,000 or more. The Complaint asserts eight claims for relief: (1) constructive fraud; (2) fraudulent misrepresentation; (3) California Investment Adviser Fraud; (4) conspiracy to defraud; (5) unjust enrichment; (6) breach of contract; (7) violations of Rule 10-b5; (8) violations of the Investment Advisers Act of 1940.

///

---

[1] Unless otherwise noted, the following facts are drawn from the allegations in plaintiffs' complaint. The Court is not making factual findings, but rather only summarizing the relevant facts in order to evaluate plaintiff's motion for TRO.

On November, 13, 2017, plaintiffs filed this motion without notice to defendants. Plaintiffs seek a TRO without notice to defendants because they suspect defendants are selling a valuable real estate asset. They suspect that defendants will transfer the sale proceeds to an off shore bank account. They suspect that defendants will then flee the United States. Plaintiffs allege that a recent real estate listing suggests defendants are selling at auction residential real property commonly known as 14991 Encendido, San Diego, CA 92127. If defendants go forward with the sale of the property, plaintiffs suspect that they would sustain further financial harm. In support of the motion are declarations from plaintiffs Kai Fan-Yang, Leonard Devasahayam, and Chris Devasahayam. Each claim they were similarly misled and induced to invest money into fraudulent investment schemes perpetrated by the defendants.

## Legal Standard

A TRO is an extraordinary form of relief, the underlying purpose of which is to preserve the *status quo* before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) (noting that a TRO is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). For a TRO to issue, the movant must show either: (1) a likelihood of success on the merits *and* a likelihood of irreparable harm, or (2) that there are serious questions going to the merits and the balance of hardships tips sharply in favor of the moving party -- so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (discussing *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008)).

Federal Rule of Civil Procedure 65(b) empowers a court to grant a TRO without written or oral notice to the adverse party "only if":

(A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the

movant before the adverse party can be heard in opposition; and

(B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Supreme Court explained, the "circumstances justifying the issuance of an ex parte order are extremely limited" because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc.*, 415 U.S. at 438-39).

Where a party seeks an *ex parte* TRO the applicant must make a strong showing based on more than conclusory assertions. *Id*. Where a plaintiff alleges that the adverse party will dispose of evidence if given notice, he "must show that defendants would have disregarded a direct court order and disposed of the goods within the time it would take for a hearing." *Id*. (quoting *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993)). As of the date of this Order, it appears that defendants have not been served with the summons, complaint, or the motion for a TRO.

## Discussion

The plaintiffs' declarations depict defendants as deceitful individuals who persist in fraudulent activities and go to great lengths to avoid being caught. For example, plaintiffs argue that defendants' conduct of defrauding plaintiffs out of millions of dollars illustrates they were scam artists whose companies were sham corporations designed to defraud unsuspecting investors. They describe conversations by email with individual defendants about investing opportunities offering returns of unusual dimension. Certainly, plaintiffs transferred to a credit union account of defendant Jonny Ngo large amounts of money by check and wire transfer expecting to make money. It is clear that plaintiffs did not make money and they have not recovered their original investments. Plaintiffs speculate that defendants have defrauded them with false assurances of investments and sales transactions that never did exist.

After Ngo stopped returning messages, plaintiffs became suspicious. They noticed that an expensive home was purchased around the same time they were making investments. After filing suit, they noticed that the same home was being listed for sale. This property in the City of San Diego is known as 14991 Encendido road. Plaintiffs provide a title report for the property that indicates the property is solely owned by Mr. Media, Inc., and was purchased last year for $3,500,000 with a mortgage of $2,400,000. Mr. Media, Inc. is a named defendant about which there are few specific allegations in the Complaint. The plaintiffs' declarations offer speculation that other defendants used plaintiffs' money and funneled it to Mr. Media, Inc. to purchase the home. But the declarations do not offer convincing evidence that Mr. Media, Inc. has a connection to the investments made with or through Ngo. The connection on this record is slim. They also speculate that if the Mr. Media, Inc. property is sold, the proceeds will be hidden outside of the United States. The speculation is based on information that has been relayed to plaintiffs' attorney by other attorneys with client-plaintiffs in other suits brought against these same defendants.

At trial, plaintiffs' speculations may be proven true. If so, plaintiffs may be entitled to money damages. However, at this early stage, plaintiffs have not shown a likelihood of success on the merits nor the likelihood of irreparable harm. Plaintiffs' motion suffers from some of the same defects found in *Blackmon* and *Vaccaro* (discussed *infra*.) and ultimately fails to demonstrate that they are entitled to the "drastic remedy" of emergency injunctive relief without notice. *See also Osborno v. Fong*, 2011 U.S. Dist. LEXIS 9716, 2011 WL 250364, at *2 (N.D. Cal., Jan 26, 2011) (TRO denied where motion based on "Plaintiff's conclusory and unsupported allegation that notice of the instant TRO application will result in the further dissipation of trust assets").

In *Blackmon v. Tobias*, 2011 U.S. Dist. LEXIS 6444, 2011 WL 2445963, at *4 (N.D. Cal. June 16, 2011), the court denied an *ex parte* application for writ of attachment because the plaintiff "merely offer[ed] his opinion that Defendants will 'hide or dissipate' their assets based on their 'numerous and repeated false statements,' and prior remarks

5

3:17-cv-02095-BEN-WVG

regarding hiding assets from the Swiss court and to avoid the payment of taxes." In fact, the defendant told the plaintiff that if he pursued legal action against her, "'she would escape, just disappear or commit suicide.'" *Id.* This was insufficient.

Likewise, in *Vaccaro v. Sparks*, 2011 U.S. Dist. LEXIS 66141, 2011 WL 772394, at *2 (C.D. Cal. Feb. 1, 2011), the plaintiffs sought a temporary restraining order freezing defendant's assets. As plaintiffs do here, the *Vaccaro* plaintiffs "conclusorily argue[d]" that their fraud allegations implied the defendant would flee the jurisdiction or hide his assets. The court concluded that Plaintiffs' allegations of injury are financial in nature and, therefore, compensable rather than irreparable. "The fact that defendants may have been engaged in some sort of fraud does not automatically justify the issuance of an asset freeze." *Vaccaro* observed that while a plaintiff may speculate that a given defendant's willingness to commit a fraud evinces the same defendant's willingness to wrongfully dissipate assets or to flee the Court's jurisdiction, "[s]peculative injury does not constitute irreparable injury." In *Vaccaro*, the only support plaintiffs offered for the cold assertion that defendants were likely to dissipate assets or flee the Court's jurisdiction was the conjecture that "Sparks will go to any length to achieve his goal [of defrauding plaintiffs]." Consequently, *Vaccaro* held that the plaintiffs failed to meet their burden of showing that they were entitled to the drastic remedy of emergency injunctive relief. *Id.* (*quoting Goldie's Bookstore, Inc. v. Super Court of Cal.*, 739 F.2d 466, 472 (9th Cir. 2004)). And citing *Vaccaro*, the *Blackmon* court was clear that "prior fraudulent conduct is insufficient to justify dispensing with notice." *Id.* Here, plaintiffs assert that defendants' fraudulent scheme in one way shape or form exists solely to insulate assets and give faux credence to their fraudulent scheme. Like *Blackmon* and *Vaccaro*, this Court cannot justify waiving the notice requirement on the basis that defendants may have engaged in fraud in the past.

Citing *Hamilton Beach Brands, Inc. v. Metric & Inch Tools, Inc.*, 614 F. Supp. 2d 1056, 1063 (C.D. Cal. 2009), plaintiffs assert their claims for breach of contract, negligence and fraud justify this Court granting the TRO and writ of attachment *ex parte*.

However, the defendants in *Hamilton Beach* had notice, filed opposition briefs, and received a hearing before the court ruled.

Plaintiffs also argue that judgment in their favor is practically certain in light of defendants pervasive and flagrant conduct. The declarations of Kai Fan-Yang, Leonard Devasahayam, and Chris Devasahayam describe the tactics Ngo and Baca used to defraud investors. The urgency cited by plaintiffs in proceeding *ex parte* is concern defendants will "fire-sell" the Encendido property making future judgment collection more difficult.

There are at least three problems with the *ex parte* claim regarding the Encendido property. First, it is not clear that the titled owner, Mr. Media, Inc., purchased the house with plaintiffs' money. Second, plaintiffs have known about the possible sale of the Encendido property since at least October 12, 2017 (since it is mentioned in the Complaint). This motion was filed one month later. The delay is reason enough to deny a TRO. *See Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993) (noting that delay in seeking injunctive relief "implies a lack of urgency and irreparable harm"). Third, assuming for the moment that plaintiffs' claims will be proven true at trial, plaintiffs would be entitled to money damages. But money damages rarely signify irreparable harm. *Vaccaro,* 2011 WL 772394, at *2. These three hurdles must be overcome before the extraordinary remedy of prejudgment attachment, an order approving a lis pendens notice, or a TRO is justified.[2]
Given the strong policy considerations against *ex parte* orders, the Court denies the motion for a TRO, without prejudice. Plaintiffs' evidence does not establish that defendants have a history of disposing of evidence, violating court order, or that persons similar to the adverse party have such a history. *See Reno Air*, 452 F.3d at 1131.

---

[2] It is also noted that the San Diego County Recorder's official website suggests ownership of the Encendido property has recently changed.

7

## Conclusion and Order

IT IS ORDERED that plaintiffs Motion for a Temporary Restraining Order is **DENIED without prejudice** and request for Notice of Lis Pendens is **DENIED, without prejudice.**

**IT IS SO ORDERED.**

Dated: December 19, 2017

Hon. Roger T. Benitez
United States District Judge